IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

H.T. by through Guardians and
Natural Parents T.T. and O.T.      Case No.: 3:26-cv-522-GNS
3601 Alexander Drive
LaGrange, KY 40031

T.T.
3601 Alexander Drive
LaGrange, KY 40031

And


O.T.
3601 Alexander Drive
LaGrange, KY 40031

                    Plaintiffs,

v.

OLDHAM COUNTY BOARD OF EDUCATION
6165 Ky-146 W
Crestwood, KY 40014

and

OLDHAM COUNTY SCHOOL DISTRICT
6165 W. Highway 146
Crestwood, KY 40014

                    Defendants.

---

## COMPLAINT

---

1

Now come the Plaintiffs, H.T., by and through her Guardians and Natural Parents, T.T., and O.T.,  and T.T. and O.T., individually, by and through counsel, and for their Complaint against Defendants, Oldham County School District and Oldham County Board of Education, state as follows:

## PARTIES

1. H.T. is a nine year old individual who is a citizen of LaGrange, Oldham County, Kentucky, and is classified as a third grader at Buckner Elementary School.

2. T.T. and O.T. are the natural parents of H.T. and are her legal guardians.

3. Defendant, Oldham County School District, is a school district organized and existing under the laws of the Commonwealth of Kentucky which operates schools within said school district, including, but not limited to, Buckner Elementary School.

4. Defendant, Oldham County Board of Education, is the legal entity charged with the operation of the Oldham County School District, including, but not limited to, Buckner Elementary School.

## JURISDICTION AND VENUE

5. Plaintiff, H.T., was and is a student at Buckner Elementary School with an Individual Education Plan ("IEP") with a primary disability diagnosis of speech impairment.

6. On or about May 8, 2026, Defendants filed a Complaint for a Due Process Hearing. A copy is attached hereto as Exhibit A and incorporated herein by reference.

7. Plaintiffs have now exhausted all Administrative Procedures required under the Individuals with Disabilities Education Act ("IDEA").

8. Plaintiffs filed a Motion to Dismiss the Complaint filed by Defendants, contending that said Complaint was insufficient under the IDEA and, as a result, the Hearing

Officer did not possess jurisdiction over the matter. Plaintiffs further alleged that the Complaint was insufficient because it was too vague and indefinite and failed to relate to the child's education as required by the IDEA. A copy of Plaintiffs' Motion to Dismiss and for More Definite Statement is attached hereto as Exhibit B and incorporated herein by reference.

9. The Hearing Officer issued a Decision and Order on or about May 27, 2026, finding that the Complaint was insufficient. Rather than dismissing the Complaint at that time, the Hearing Officer issued an Order allowing Defendants an opportunity to amend their Complaint so that it would comply with IDEA. A copy of said Order is attached hereto as Exhibit C and incorporated herein by reference.

10. Rather than amend the Complaint as Ordered, Defendants filed a Motion asking that their Complaint be dismissed, with prejudice. A copy of said Motion is attached hereto as Exhibit D and incorporated herein by reference.

11. Plaintiffs agreed that the Complaint should be dismissed with prejudice, but objected to Defendants' proposed Order, as it indicated that neither party was a "prevailing party" under the IDEA and that each party should bear its or their own costs. A copy of Plaintiffs' Response to said Motion to Dismiss is attached hereto as Exhibit E and incorporated herein by reference.

12. On or about June 9, 2026, the Hearing Officer assigned by the Kentucky Department of Education Office of Special Education and Early Learning, entered an Order dismissing the Complaint with prejudice. Said Hearing Officer declined to adopt Defendants' proposed Order to which Plaintiffs herein had objected. Defendants' proposed Order stated that neither party hereto was "prevailing party" and, therefore,

neither party would collect fees and costs. Plaintiffs herein objected to said language and the Hearing Officer declined to adopt Defendant's proposed language. A copy of said Order is attached hereto as Exhibit F and incorporated herein by reference.

13. This Court possesses jurisdiction over this Complaint, in that Plaintiffs seek attorney's fees pursuant to the IDEA, 20 U.S.C. § 1415, and seek to enforce the Final Decision of the Kentucky Department of Education. Defendants have not appealed the Hearing Officer's Decision to the Exceptional Children Appeals Board ("ECAB") and, accordingly, the Hearing Officer's Decision is now final. Accordingly, this Court has jurisdiction under 20 U.S.C. § 1415 and 28 U.S.C. § 1331.

14. The facts and circumstances of this case occurred in Oldham County, Kentucky and Defendants are located in Oldham County, Kentucky. Accordingly, this Court is the appropriate venue for this action.

## STATEMENT OF FACTS

15. H.T. is a student with disabilities, with her primary diagnosis being a speech impairment.

16. Believing that the child had been unfairly treated by the Defendants with respect to her development of an I.E.P. and the evaluation of the child, H.T's parents attended numerous Admissions and Release Committee (ARC) meetings in order to assure that their child would receive appropriate services, an appropriate evaluation, and an appropriate IEP.

17. Plaintiffs and Defendants did not agree on what services the child required and, further, Plaintiffs contended that Defendants had violated their procedural rights under the IDEA.

18. In furtherance of that belief, Plaintiffs filed a Complaint with the Kentucky Department of Education alleging substantive and procedural violations of the IDEA.

19. In a Decision and Order entered on April 24, 2026 the Kentucky Department of Education found that Defendants had violated H.T.'s substantive and procedural rights under the IDEA. A copy of said Decision and Order is attached hereto as Exhibit G and incorporated herein by reference.

20. Following the Decision of Kentucky Department of Education, an ARC meeting was scheduled for May 8, 2026 to discuss the child's education and to take appropriate action in response to the Decision of Kentucky Department of Education

21. At said meeting, the parties disagreed as to whether the plan proposed by the Defendants complied with IDEA and, specifically, whether it complied with the Decision of the Kentucky Department of Education. As a result, no resolution was reached at that meeting. A copy of the Conference Summary from that meeting is attached hereto as Exhibit H and incorporated herein by reference.

22. Within hours of completion of the above mentioned ARC meeting, Defendants filed a Request for Due Process Hearing, a copy of which has been attached previously as Exhibit A. In said Request, Defendants complained that the conduct of T.T. and O.T., as well as their advocate, interfered with the child's education.

23. In response to said Complaint, Plaintiffs submitted a Motion to Dismiss, previously referenced herein, as copy of which is attached as Exhibit B.

24. Pursuant to the Order of the Kentucky Department of Education issued in response to Defendants' Request for Due Process Hearing, the parties convened a Resolution Conference to determine whether the allegations of Defendants' Complaint could be

5

resolved by agreement. A copy of the Order is attached hereto as Exhibit I and incorporated herein by reference.

25. The parties attended a Resolution Conference and resolved some issues, but left many issues unresolved. A copy of the Plaintiffs' Notice to the Department of Education and the Hearing Officer pertaining to said Resolution Conference is attached hereto as Exhibit J and incorporated herein by reference.

26. Thereafter, Defendants, following the Hearing Officer's Decision on the Motion to Dismiss and for More Definite Statement, having been given an opportunity to file a Complaint in compliance with IDEA, failed to do so and their Complaint was dismissed, with prejudice.

27. As a result of said dismissal with prejudice, Plaintiffs are "prevailing parties" under the IDEA and are entitled to recover the attorneys fees incurred in defending Defendants' actions before the Kentucky Department of Education

28. Plaintiffs retained attorney Randy J. Blankenship, of the law firm of Ziegler and Schneider, PSC., to represent them in the within matter. Said attorney and firm entered into a Fee Contract to handle this matter. A copy of said Fee Contract is attached hereto as Exhibit K and incorporated herein by reference.

29. Plaintiffs counsel and firm agreed to represent Plaintiffs on an hourly fee basis of $350.00 per hour for attorney time and $125.00 per hour for paralegal time.

30. Randy J. Blankenship and Ziegler and Schneider performed services for Plaintiffs rendered pursuant to the Fee Contract. The reasonable value of the fess to date is at least $18,800 for the period between the filing of the Request for Due Process Hearing and the Dismissal thereof.

31. The fees charged by Randy J. Blankenship and Ziegler and Schneider are fair and reasonable and are customary in this community and should be awarded by this Court.

32. Plaintiffs, further, are entitled to reasonable attorney fees and costs incurred in this action.

## COUNT ONE

33. Plaintiffs incorporate herein, as if fully set out, paragraphs 1 through 32 of this Complaint.

34. Plaintiffs prevailed in the proceedings before the Kentucky Department of Education.

35. Due to the Dismissal with prejudice of the Defendants' Complaint, Defendants are precluded from bringing action arising out of the same matter against Plaintiffs.

36. Plaintiffs are prevailing parties under the IDEA, therefore, are entitled to the reasonable attorney's fees and costs incurred in prosecuting the matter before the Kentucky Department of Education and before this Court.

WHEREFORE, Plaintiffs demand Judgment as follows:

A. For reasonable attorney's fees incurred in the case before the Kentucky Department of Education in the amount to be determined;

B. For costs incurred in litigating this matter;

C. For reasonable attorney fees incurred by Plaintiffs herein through the conclusion of these proceedings;

D. For the costs of this action; and

E. For any and all other relief to which Plaintiffs may be entitled.

7

Respectfully submitted,

Randy J. Blankenship          KBA #81924
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500
Covington, KY 41011
(859) 426-1300
rblankenship@zslaw.com
*Attorney for Plaintiffs*